**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00909 VAP (OPx)                              Date:  June 21, 2012

Title:   CANTERBURY LOTS 68, LLC, A CALIFORNIA LIMITED LIABILITY
         COMPANY -v- LOURDES BARAHONA; AND DOES 1-10 INCLUSIVE
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE
               CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
               SAN BERNARDINO (IN CHAMBERS)

     On February 22, 2012, Plaintiff Canterbury Lots 68, LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") in the California Superior Court for the County of San Bernardino against Defendant Lourdes Barahona and other, unknown Defendants in possession of Plaintiff's real property.  (Not. of Removal.)  On March 2, 2012, Defendant David Manos ("Defendant") filed a "Pre-Judgment Claim of Right to Possession" in Superior Court and was added as a Defendant.  See <u>Canterbury Lots 68, LLC v. Barahona</u>, UDCS1200098.  Defendant demurred on the grounds that the three-day notice to vacate the property violated the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220.  The court denied Defendant's

MINUTES FORM 11                                   Initials of Deputy Clerk ___md___
CIVIL -- GEN                     Page 1

EDCV 12-00909 VAP (OPx)
CANTERBURY LOTS 68, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY v. LOURDES BARAHONA; AND DOES 1-10 INCLUSIVE
MINUTE ORDER of June 21, 2012

demurrer on April 6, 2012. (See id.; Not. at 22-23.) On July 6, 2012, Defendant removed the action to this Court. (See id.) Defendant alleges this Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because Defendant's demurrer in state court raised rights and duties arising under federal law, specifically, the PTFA. (Id. at 3.) On June 11, 2012, Plaintiff filed an Ex Parte Application to Remand Unlawful Detainer Proceeding. (Doc. No. 5.) For the following reasons, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because his demurrer raised rights and duties arising under federal law. (See id. at 2-3.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits

EDCV 12-00909 VAP (OPx)
CANTERBURY LOTS 68, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY v. LOURDES BARAHONA; AND DOES 1-10 INCLUSIVE
MINUTE ORDER of June 21, 2012

annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**